## DUFF v. HALL.

FORCIBLE ENTRY AND DETAINER—TAXATION—SUMMARY PROCEED-
INGS—TAX HOMESTEAD LANDS—EJECTMENT.

Summary proceedings before the circuit court commissioner
will not lie to dispossess the original owner peaceably in pos-
session of tax homestead lands, purchased under Act No. 206,
Pub. Acts 1893, as amended by Act No. 141, Pub. Acts 1901;
the remedy being ejectment.

Error to Muskegon; Sessions, J. Submitted October
14, 1909. (Docket No. 90.) Decided November 5, 1909.

Summary proceedings by Eva M. Duff against William
Hall for the possession of certain real estate. A judgment
for defendant is reviewed by complainant on writ of error.
Affirmed.

*James E. Sullivan*, for appellant.

*Turner & Turner*, for appellee.

Complainant obtained from the commissioner of the
State land office a deed of the lot in question under section
131, Act No. 206, Pub. Acts 1893, as amended by Act No.
141, Pub. Acts 1901. Her deed was obtained September
20, 1907. Mr. Sullivan called upon defendant, and in-
formed him that complainant owned the property by vir-
tue of the State homestead deed, and asked him to sur-
render possession. The defendant then stated that he had
not paid the taxes, had no further rights in the premises,
and agreed to vacate and surrender possession thereof
within a week. On July 6, 1908, without having served
any written or other notice to quit, complainant instituted
this suit before a circuit court commissioner, under the

statute to recover possession of the land. The case was contested before the commissioner, who rendered judgment for the complainant. Defendant appealed to the circuit court. Upon the trial in that court complainant made her case by the testimony of Mr. Sullivan, as above stated, and the introduction of her deed. As soon as the deed was offered, the attorney for defendant objected to its introduction, claiming that the deed was void, and that the land commissioner had issued the deed without authority, giving his reason therefor, which it is unnecessary to mention. The court thereupon entered judgment for the defendant, dismissing the complaint for four reasons:

(1) Because a question of title was raised which cannot be tried before a circuit court commissioner or upon appeal to the circuit court.

(2) No force was used by defendant, either in entering upon or in detaining the premises. Therefore complainant could not recover under "forcible entry and detainer act" (3 Comp. Laws, § 11154).

(3) No contract relations existed between complainant and defendant, and therefore defendant is not entitled under the "summary proceedings statute" (3 Comp. Laws, § 11164).

(4) Because, if any contract relation did exist between them, the defendant was at least a tenant by sufferance and entitled to the statutory notice to quit.

GRANT, J. (after stating the facts). Counsel for complainant concedes that, if the title to the land in question is involved, the circuit judge reached the correct conclusion. Defendant was the owner of the original title, and was peacefully and rightfully in possession of the land. He neither obtained nor retained possession by force. He therefore does not bring his case within the statute of forcible entry and detainer. 3 Comp. Laws, § 11154. Defendant did not hold possession of this land under any of the conditions specified in section 11164, which would entitle plaintiff to maintain a summary proceeding to recover possession. Defendant was not hold-

ing possession contrary to any contract or lease, or after the time of redemption had expired upon foreclosure or execution sale. Ejectment is the plaintiff's sole remedy.

Judgment affirmed.

BLAIR, C. J., and MOORE, MCALVAY, and BROOKE, JJ., concurred.